IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendant. | Civil Action No. 1:24-cv-05666 <br><br> Hon. John J. Tharp |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR A
<u>PRELIMINARY INJUNCTION</u>**

Defendant No. 16 hibluco submits this opposition requesting that Plaintiff's Motion for Entry of Preliminary Injunction (Dkt. No. 24) be denied.

**I.      INTRODUCTION**

Plaintiff Neman Brothers & Associates, Inc.'s ("Plaintiff") preliminary injunction should be denied because Plaintiff will not suffer an irreparable harm without the injunction, there is an adequate remedy at law, and Plaintiff does not have a reasonable likelihood of success on the merits. Defendant does not use Plaintiff's copyright.

Defendant sells their own hibluco branded blouses. Defendant does not infringe the Plaintiff's copyrights as Plaintiff has failed to identify any elements in the copyrights which Defendant's product infringes. Further, Defendant's products contain depictions of flowers, stems, and leaves, and other basic design elements that are in nature. The differences between the pattern on the accused product and the alleged copyrighted pattern further demonstrate that Plaintiff does not have a likelihood of success on the merits.

In addition, to the extent the Court grants the preliminary injunction, the amount of assets

1

retrained is excessive. Defendant has hired United States based counsel to litigate the case and restraining the funds is not necessary to maintain Defendant's participation. Any asset restraint should be reduced.

## II. STATUS OF THE CASE

Plaintiff filed its Complaint on July 5, 2024, alleging that Defendant committed copyright infringement, false designation of origin, and on July 10, 2024, filed a Motion for Entry for a Temporary Restraining Order, which the Court denied without prejudice and renewed on July 31, 2024, which was granted on August 5, 2024. (Dkt. Nos. 1, 11, 15, 16).

Plaintiff then filed its motion for preliminary injunction on August 27, 2024, (Dkt. No. 24, 25). The Court entered a schedule stating that any response to the motion for a preliminary injunction is due by September 3, 2024. (Dkt. No. 27) Defendant moved for and was granted an extension to September 10, 2024. (Dkt. Nos. 29, 30).

## III. STATEMENT OF THE LAW

"[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Valencia v. City of Springfield*, 883 F.3d 959, 965 (7th Cir. 2018). Plaintiff is not entitled to a preliminary injunction unless it establishes that "(1) absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims; (2) traditional legal remedies would be inadequate; and (3) its claim has some likelihood of succeeding on the merits" *Id.* If it cannot clearly establish each of these threshold requirements, the injunction must be denied. *Id.* at 966. "To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.,* 482 F.3d 910, 914 (7th Cir. 2007). The Seventh Circuit "employ[s] the ordinary observer test to assess

2

substantial similarity—assessing whether the accused work is so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." *Design Basics, LLC v. Kerstiens Homes & Designs, Inc.*, 1 F.4th 502, 505 (7th Cir. 2021) (internal quotations omitted). "[A] copyright owner can't prove infringement by pointing to features of his work that are found in the defendant's work as well but that are so rudimentary, commonplace, standard, or unavoidable that they do not serve to distinguish one work within a class of works from another." *Gaiman v. McFarlane*, 360 F.3d 644, 659 (7th Cir. 2004) (internal cites omitted). "[C]opyright infringement requires proof of the fact that the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Francescatti v. Germanotta*, No. 11 CV 5270, at *18 (N.D. Ill. June 17, 2014) (internal cites omitted).

## IV. ARGUMENT

There is no likelihood of success on the merits because there is no copyright infringement. An ordinary observer of hibluco's blouse would conclude that the defendant did not appropriate plaintiff's protectable work. Furthermore, Plaintiff has not suffered irreparable harm, and traditional legal remedies are adequate.

### A. Likelihood of Success on the Merits

#### 1. There is No Copyright Infringement as Defendant uses General Design Elements

"To establish copyright infringement, a plaintiff must prove two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *JCW Invs., Inc. v. Novelty, Inc.,* 482 F.3d 910, 914 (7th Cir. 2007). At this time, Defendant is not challenging the ownership of the copyrights but challenges the allegation of copying.

Plaintiff's complaint contains allegations of copyright infringement of Design NB 160415.

(Dkt. No. 1-1). An ordinary observer would not find substantial similarities between Plaintiff's design and the design on Defendant's product. Defendant's accused product has flowers with black centers, different shades and shapes of flowers, and a design that looks less cluttered than the Plaintiff's design. Both designs are using scenes a faire of how one would express the concept of flowers. The designs are distinct enough from one another that a reasonable person would not conclude that defendant unlawfully appropriated Plaintiff's expression of a flowers.

Defendant's accused product contains elements that are common to flowers and nature. Both designs contain a multitude of different shaped and designed flowers using close colors to highlight the petals of the flowers. Demonstrating the scenes a faire aspect of Plaintiff's alleged copyright, unrelated designs use a similar style to highlight the flowers and use similar leaves to fill out the background of the print. (*see* https://www.freepik.com/free-photos-vectors/floral-print). Many options use the same techniques and include similar additional leaves to create a fuller more vibrant image, like Defendant's product, and are commonly used within popular culture when creating a flower display. These similarities do not indicate that there was copying of elements from the original work, merely that both artists were drawn to flowers and nature.

## B. Plaintiff Did Not Suffer Irreparable Harm.

In copyright infringement cases, the Seventh Circuit has ended the presumption of irreparable harm. *See*, *e.g.*, *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 755 (7th Cir. 2012), *Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013); *Audi AG v. D'Amato*, 469 F.3d 534, 550 (6th Cir. 2006). *Ill. Tamale Co. v. El-Greg, Inc.*, No. 16 C 5387, at *46-47 (N.D. Ill. Sep. 13, 2019). Defendant is not using Plaintiff's trademark, so the only issue is copyright infringement, which means that there is no presumption of irreparable harm.

Furthermore, Plaintiff has not been irreparably harmed. Plaintiff argues loss of future sales but does not support that with evidence as to this Defendant. *Id.* Additionally, even if Plaintiff

could prove loss of future sales, it would still not constitute an irreparable harm because Plaintiff's losses are "purely financial, easily measured, and readily compensated." *Praefke Auto Elec. & Battery Co., Inc. v. Tecumseh Prods. Co., Inc.*, 255 F.3d 460, 463 (7th Cir. 2001). Damages could make it whole, so there is no need for a preliminary injunction. *CF Entm't, Inc. v. Nielsen Co.*, 2020 U.S. Dist. LEXIS 121402, *39, at *27-28 (N.D. Ill. July 10, 2020) (*citing D.U. v. Rhoades*, 825 F.3d 331, 339 (7th Cir. 2016) ("Because money damages could make D.U. whole again should she prevail in her lawsuit, she does not meet the standard for irreparable harm.")). If Plaintiff had suffered losses, then it would be able to prove them and they would be calculable, not an irreparable harm.

Furthermore, Plaintiff argues that it has suffered damage to the goodwill and reputation of its brand. (Dkt. No. 10-1 at 6). Plaintiff does not identify which of the many defendants specifically caused such harm, rather it lumps in noninfringers of Plaintiff's copyrights with infringers and counterfeiters. "To clear the irreparable harm hurdle, '[t]he moving party must demonstrate that he will *likely* suffer irreparable harm absent obtaining preliminary injunctive relief.'" *Ligtel Commc'ns, Inc. v. Baicells Techs.*, 455 F. Supp. 3d 792, 809 (N.D. Ind. 2020) (*quoting Whitaker By Whitaker v. Kenosha Unified Sch. Dist. No. 1 Bd. of Educ.*, 858 F.3d 1034, 1044 (7th Cir. 2017)). Here, there is no showing of irreparable harm due to the alleged infringement.

### C. An Asset Restraint is not Necessary to Ensure Defendant's Participation

Defendant is based in the China and sell its products on Amazon.com. Defendant retained U.S. counsel in this District when they were informed of the lawsuit and have been participants in the suit since that time. While there may be defendants who are fly-by-night stores that will close their doors and stop communicating with their US counsel or Plaintiff's counsel, but Defendant has no such reason to. Defendant conducts significant business within the United States as evidenced by the large sum held in their marketplace account and retained U.S. counsel in this

5

District to defend this action so they may continue doing business uninterrupted on Amazon.com selling non-accused products which comprise most of their business.

## **CONCLUSION**

For the reasons discussed above, Defendant No. 16 hibluco respectfully requests the Court to deny Plaintiff's motion for a preliminary injunction.

September 10, 2024

Respectfully Submitted,

*/s/ Steven G. Kalberg*
David R. Bennett
Steven G. Kalberg
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
(312) 291-1667
dbennett@directionip.com
skalberg@directionip.com

*Attorneys for Defendant No. 16 hibluco*

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that on September 10, 2024, I electronically filed the above documents with the Clerk of Court using CM/ECF which will send electronic notification of such filings to all registered counsel.

              */s/ Steven G. Kalberg*
              Steven G. Kalberg