UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOCIATES, INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>        Defendants. | Case No. 1:24-cv-05666<br><br>**Judge John J. Tharp, Jr.**<br><br>**Magistrate Judge M. David Weisman** |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's Order entered on September 25, 2024 [Dkt. 43], Plaintiff Neman Brothers & Associates, Inc. ("Plaintiff"), together with Defendant hibluco ("Defendant") ("The Parties"), jointly submit the following initial status report and discovery plan.

**I.**     **Nature of the Case**

    A.     Identify the attorneys of record for each party.

        **Plaintiff's Counsel: Trevor W. Barrett, Esq., (310) 590-1820,**
                **tbarrett@donigerlawfirm.com**

        **Defendant's Counsel: Steven G. Kalberg, Esq., (847) 508-1294,**
                **skalberg@directionip.com**

    B.     Briefly describe the nature of the claims asserted in the complaint.

    **This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, et seq. Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's exclusive copyrights by creating infringing derivative works, copying, displaying, and/or distributing works to the public based upon Plaintiff's Designs in violation of 17 U.S.C. § 106. Plaintiff alleges that Defendants have committed acts of copyright infringement which were willful, intentional and malicious, which further subjects Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.**

C. Briefly identify the major legal and factual issues in the case.

**The factual issues in this case involve Plaintiff's ownership of the copyright in the Subject Designs and Defendants' infringement thereof, including Defendants' access to the Subject Designs and the substantial similarities between the Subject Designs and the designs of the Offending Products, and damages. Additionally, whether Plaintiff's copyrights are valid and enforceable, and if the doctrines of laches, estoppel, acquiescence, waiver, and unclean hands applies.**

**The legal issues in this case involve the originality of the Subject Designs, Plaintiff's ownership of the copyrights in the Subject Designs, Defendants' infringement thereof (including Defendants' access to the Subject Designs and the substantial similarity between the Subject Designs and the designs of the Offending Products), and damages (including Defendants' state of mind). Additionally, whether the doctrines of laches, estoppel, acquiescence, waiver, and unclean hands applies.**

D. State the relief sought by any of the parties.

**Plaintiff seeks its actual damages and Defendants' profits attributable to the infringements, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504. Plaintiff also seeks costs, disbursements, and reasonable attorneys' fees, associated with bringing this lawsuit under the Copyright Act U.S.C. §§ 505, 1203, et seq.**

II. **Jurisdiction**

A. Identify all federal statutes on which federal question jurisdiction is based.

**This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a).**

III. **Status of Service**

**All Defendants identified in Schedule A were served on August 26, 2024 via alternative service authorized in the Temporary Restraining Order (Dkt. 17). Plaintiff subsequently filed Proof of Service of the same (Dkt. 23).**

IV. **Consent to Proceed Before a United States Magistrate Judge**

**The parties do not consent unanimously to the magistrate judge.**

V. **Motions**

A. Briefly describe any pending motions.

**There are currently no pending motions.**

VI. **Status of Settlement Discussions**

    A. Status of Settlement Discussions

**Plaintiff has reached resolution and voluntarily dismissed all claims against Defendants #9, 10, and 20. Plaintiff has been working with the remaining defendants, including appearing defendant hibluco, to discuss resolution with speed, a sense of purpose, and good faith.**

    B. Settlement Conference

**The parties do not request a settlement conference before the Court at this time.**

VII. **Joint Proposed Case Management Schedule**

| Trial and Final Pretrial Conference Dates | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|
| Check one: [ **x** ] Jury Trial or [ ] Court Trial<br><br>Estimated Duration: ____3-4___ Days | 9/23/2025 | | [ ] Jury Trial<br>[ ] Court Trial<br>_____ Days |
| Final Pretrial Conference ("FPTC") | 9/09/2025 | | |

| Event | Weeks Before FPTC | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| Last Date to Amend Pleadings /Add Parties | | 1/06/2025 | | |
| Non-Expert Discovery Cut-Off<br>**(no later than deadline for *filing* dispositive motion)** | 17 | 5/13/2025 | | |
| Expert Disclosure (Initial) | | 5/27/2025 | | |
| Expert Disclosure (Rebuttal) | | 6/24/2025 | | |
| Expert Discovery Cut-Off | | 7/8/2025 | | |
| Last Date to *Hear* Motions<br>• Rule 56 Motion due at least 5 weeks before hearing<br>• Opposition due 2 weeks after Motion is filed<br>• Reply due 1 week after Opposition is filed | 12 | 6/17/2025 | | |
| Deadline to Complete Settlement Conference<br>  <u>Select</u> one: [ ] 1. Magistrate Judge *(with Court approval)*<br>           [ ] 2. Court's Mediation Panel<br>           [**x**] 3. Private Mediation | 10 | 7/1/2025 | | [ ] 1. Mag. J.<br>[ ] 2. Panel<br>[ ] 3. Private |
| **Trial Filings** (first round)<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law<br>• Witness Lists<br>• Joint Exhibit List<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law<br>• Declarations containing Direct Testimony, if ordered | 3 | 8/19/2025 | | |

| | | |
|---|---|---|
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)* | 2 | 8/26/2025 |

Respectfully submitted,

DATED: September 30, 2024

/s/ Trevor W. Barrett
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA 90291
tbarrett@donigerlawfirm.com
(310) 590-1820
*Attorney for Plaintiff*

DATED: September 30, 2024

/s/ Steven G. Kalberg
Steven G. Kalberg, Esq.
DIRECTION IP LAW
P.O. Box 14184
Chicago, IL 60614
skalberg@directionip.com
(847) 508-1294
*Attorney for Defendant hibluco*

4