**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NEMAN BROTHERS & ASSOCIATES, INC., a California corporation,<br>     Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>     Defendants. | Case No. 1:24-cv-05666<br><br>**Judge John J. Tharp, Jr.**<br><br>**Magistrate Judge M. David Weisman** |

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS FOR MISJOINDER**

Plaintiff Neman Brothers & Associates, Inc. ("Neman"), submits this Memorandum in opposition to Defendants Oxiuly, YT Fashionstore, and Sureple Dresses' (collectively, "Defendants") motion to dismiss for misjoinder.

## I.      INTRODUCTION

To deny the motion, this court need only address the following basic inquiry: are Defendants Oxiuly, YT Fashionstore, and Sureple Dresses properly joined in this action? Because the answer is undoubtedly yes, Defendants' motion conclusively fails.

Defendants' arguments to the contrary rely on conclusory assertions and mischaracterizations of Neman's claims. Defendants fail to carry their burden to justify severance or dismissal; the complaint and the corresponding evidence establishes that this Defendants are properly joined, and therefore this action is properly made and should continue. Defendants' attempt at using procedural rules to insulate themselves from liability for infringing Neman's asserted copyrights fails, and this motion should be denied.

## II.      STANDARD OF REVIEW

"Misjoinder of parties is not ground for dismissing an action." Fed. R. Civ. P. 21. The proper remedy for misjoinder is severance. *Id*. Parties may be joined in an action if any right to relief is asserted against them arising out of the same transaction, occurrence, or series of transactions or occurrences arising out of a common question of law or fact to all defendants. Fed. R. Civ. P. 20(a)(2); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

Courts have not provided a clear definition of "same transaction or series of transactions or occurrences" to allow flexibility in trial management. *See In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012) (citations omitted). Indeed, there is simply no objective way to divide the world, especially in the Internet age, into "transactions and occurrences." *See Moore v. N.Y. Cotton Exch.*, 270 U.S. 593, 610 (1926) ("'Transaction' is a word of flexible meaning."); *Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 284 (7th Cir. 2007) ("[T]here is no formalistic test for determining whether suits arise out of the same transaction or occurrence."). Thus, to

1

determine whether the rights asserted arise out of the same transaction, occurrence, or series of transactions or occurrences, courts should "consider the totality of the claims, including the nature of the claims, the legal basis for recovery, the law involved, and the respective factual backgrounds." *Ross*, 486 F.3d at 284.

### III.  <u>ARGUMENT</u>

Defendants Oxiuly, YT Fashionstore, and Sureple Dresses are properly joined in this action. The similarities identified below, among others, establish a relationship between Defendants and meet the Rule 20 requirements. At the pleading stage, Plaintiff is only required to plead allegations, which must be accepted as true, that Defendants are properly joined, meaning that any right to relief is asserted against them jointly, severally, or in the alternative, with respect to or arising out of the same transaction or series of transactions. Fed. R. Civ. P. 20; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Neman has done so here, and Defendants are properly joined.

When considering the totality of the claims and facts, Neman has pleaded sufficient facts indicating that, at the very least, Neman's claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences. Courts in this District have noted that joinder under Rule 20 allows for a broad inclusion of defendants when based on a series of "occurrences." *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A,"* 334 F.R.D. 511, 516 (N.D. Ill. 2020). In *Bose*, the Court considered the broad definition of "occurrences," and noted that "Rule 20's inclusion of the term 'occurrence' should allow plaintiffs to join in a single case the defendants who participate in [] unlawful occurrences, despite the lack of a 'transactional link.'" *Id*. The Court continued, "[t]he kind of harmful occurrences the internet enables – including mass foreign counterfeiting – were inconceivable when Rule 20 was drafted.

But the Rule's inclusion of the term 'occurrence suggests that joinder is appropriate in cases alleging harm that is not strictly 'transactional.'" *Id.*[1]

As illustrated by Neman's well-pleaded allegations and the examples in Neman's brief in support of its motion for a temporary restraining order, e-commerce counterfeiters like Defendants here have similar profiles and operate in the same network as part of a coordinated effort to sell products using infringing and counterfeit copies of Neman's copyrighted artwork. Neman has provided in its pleadings several resources demonstrating how these infringing networks operate collectively, and the dangers that they pose. *See* Dkt Nos. 1-3 and 1-4.

Even considering the limited information accessible to Neman at this stage, there are multiple facts supporting that Defendants are all engaged in the same series of transactions or occurrences giving rise to Neman's claims. For example, the Defendants use non-descript seller aliases, provide no valid information regarding a physical address or contact information, and operate on the same third-party seller marketplaces, namely, Amazon and Walmart. Defendants each use the same illegitimate search engine optimization ("SEO") tactics, such as "keyword stuffing." Defendants' listings include photographs of the same models, same clothes, or even identical pictures altogether, as seen in YT Fashionstore's and Sureple Dresses' listing screenshots.

---

[1] Courts have been attempting to adapt pre-Internet legal systems to adjudicate post-Internet online legal disputes. For example, before the landmark *Calder* case, the courts had difficulty obtaining jurisdiction over defendants who have Internet contacts with the forum state. *See Calder v. Jones*, 465 U.S. 783, 790 (1984) (developing the effects test, where jurisdiction is proper over a non-resident defendant who has purposefully caused negative effects to happen in the forum state). Similarly, here, e-commerce stores and counterfeiting are new and robust, requiring the courts to interpret the law in an unforeseen context. However, under Rule 20, and as noted by the *Bose Corp.* Court, joinder of multi-seller e-commerce counterfeiters is proper and promotes the policy considerations afforded under the applicable legal structure, just as the *Calder* test does.

Dkt. No. 1-2, pp. 17, 41. And Defendant's infringing products are even priced nearly identically:[2] $33.99 (Sureple Dresses), $34.99 (YT Fashionstore), and $34.99 (Oxiuly). *See id.* at pp. 11, 17, 41.

Further, the nature of the infringement itself is indicative of Defendants' involvement in the same series of transactions or occurrences. This case involves copyright infringement, namely, the Defendants creating, displaying, distributing, offering for sale, and selling products that feature Neman's copyrighted artwork. Creating unauthorized derivatives of an artwork is not as simple as illegally downloading information, like the defendants in the BitTorrent cases. First, a manufacturer must obtain access to the actual artwork, which means the manufacturer must have connections within the industry and have the opportunity to see the artwork itself. Then, the manufacturer has to illegally recreate such artwork and print it onto physical products, most often using layers of screens made of silk or nylon stretched over a wooden or metal frame, and color added on top of the screen. This process is repeated numerous times with numerous different colors and designs to create the completed product. From there, the manufacturer sells the products to retailers or e-commerce sellers for distribution. There is only a limited number of manufacturers that have access to the machinery used to create the Infringing Products, and thus, there are only a limited number of third parties the sellers could purchase the Infringing Products from. In short, this is a limited network, further supporting Neman's allegation that each Defendant seller is a part of the same series of transactions or occurrences, or at the very least, obtaining the Infringing Product from a common source.

---

[2] In Schedule A cases, defendant sellers offering infringing products at price points within a close range of each other supports joinder of the defendants. *See Estee Lauder Cosms. Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 334 F.R.D. 182, 188 (N.D. Ill. 2020).

Defendants' half-hearted arguments that joinder is improper are unavailing. They insist that joinder is improper because they "are different and not affiliated to each other," but that is not the law and runs afoul of accepting Neman's allegations as true at this stage. Even if the Defendants are separate entities, the collectively consist of a "swarm" and "take advantage of circumstances – the anonymity and mass reach afforded by the internet and the cover afforded by international borders" – to violate Neman's copyrights "with impunity." *Bose Corp.*, 334 F.R.D. at 516. It would defy common sense to sever this action for misjoinder "because it is the swarm—the fact that all Defendants are attacking at once—that is the defining aspect of the harm from which" Neman seeks. *Id.* at 517. Joinder here is thus proper despite any alleged lack of affiliation of the Defendants because it is this "swarm" that is the "relevant Rule 20 'occurrence.'" *Id.*

Defendants also contend their near-uniform conduct in infringing (and attempting to evade liability for infringement) is insufficient to establish joinder. Not so. "From the plaintiff's perspective (which is the appropriate perspective at the pleading stage) it is irrelevant whether the swarm is intentionally coordinated or simply a product of market forces enabled by the internet. It is reasonable for a plaintiff who is attacked by a swarm… to come to the Court for shelter against that conduct." *Bose Corp.*, 334 F.R.D. at 517.

The aforementioned facts link Defendants together and evidence "shared, overlapping facts" that suffice to establish a "series of transactions or occurrences." *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 204 (N.D. Ill. 2013); *United States v. Mississippi*, 380 U.S. 128, 142 (1965) (joinder proper even though defendants ***were independent actors and did not directly interact*** with each other because defendants' actions were part of the same series of transactions or occurrences) (emphasis added). Just as in *Malibu Media*, each Defendant takes advantage of the same circumstances afforded to them, relying on the same series of transactions or occurrences at

Neman's expense. And the foregoing also establishes that Neman's claim against each Defendant relies on the same factual background, involves the same legal basis for recovery, and the same nature of claims.

When presented with similar facts, the courts within this District frequently conclude joinder is proper. *See, e.g.*, *Pink Floyd (1987) Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2021 WL 7179622, at *1 (N.D. Ill. Oct. 21, 2021); *Chrome Cherry Ltd. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2021 WL 6752296, at *1 (N.D. Ill. Oct. 20, 2021); *Hangzhou Chic Intelligent Tech. Co. v. Partnerships & Unincorporated Associations Identified on Schedule A*, 2021 WL 2690873, at *1 (N.D. Ill. June 9, 2021); *Unicolors Textile Inc. v. The Partnerships and Unincorporated Associations in Schedule A*, No. 23-cv-06447; *XYZ Corp., v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified in Schedule A*, No. 24-cv-1705 (N.D. Ill. April 23, 2024) (holding that joinder was proper when the "plaintiff has submitted evidence establishing that beyond just infringing the same copyright . . . the defendants included in plaintiff's Amended Schedule A are selling on the same platform and have immediately pirated images posted on plaintiff's website when offering new items for sale").

Practical considerations further favor keeping the defendants joined in this action. Based on the facts alleged, the same legal issues are presented against all Defendants and there is no defense that one defendant may bring that is unique to that defendant. Defendants make no argument of prejudice from joinder because there is none. As there would be no disparate defenses that the Defendants could distinctly raise, there is similarly no suggestion that joinder would change the way Neman's claims are litigated or managed in this case. Accordingly, joinder is proper under Rule 20.

## IV.    <u>CONCLUSION</u>

Given the allegations and evidence before the court, Neman indisputably pled that joinder of the Defendants in this action is proper, and neither dismissal nor severance is justified here. For the foregoing reasons, Neman respectfully submits that Defendants' motion should be denied in its entirety, and this case allowed to proceed on the merits.

DATED: December 16, 2024                    Respectfully submitted,

*/s/ Trevor W. Barrett*
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA 90291
tbarrett@donigerlawfirm.com
(310) 590-1820
*Attorney for Plaintiff*