IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEMAN BROTHERS & ASSOCIATES, INC., a California corporation,<br>　　　　Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br><br>　　　　Defendants. | Case No. 1:24-cv-05666<br><br>**Judge John J. Tharp, Jr.**<br><br>**Magistrate Judge M. David Weisman** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION AS TO THE ISSUES OF OWNERSHIP, LIABILITY, WILLFULNESS, AND ESTABLISHMENT OF INFRINGING REVENUES AGAINST DEFENDANT NO. 5: RANPHEE STORE**

I.  **INTRODUCTION**

Plaintiff Neman Brothers & Associates, Inc. ("Neman")'s motion for partial summary judgment should be entirely granted because (1) Defendant No. 5 Ai Shi Te Shen Zhen Shi Pin You Xian Gong Si, operating as the Amazon.com storefront Ranphee Store (collectively, "Ranphee") does not dispute Neman's ownership of valid copyrights in Neman's proprietary NB150237X design (the "Subject Design"), that Ranphee is liable for direct copyright infringement, or the total gross revenues that Neman seeks to adjudicate as established; and (2) Ranphee has further failed to establish a triable issue concerning its willfulness.

II. **ARGUMENT**

   a. **Summary Judgment as to Liability and Total Revenues Must be Entered Because Ranphee Does not Dispute these Issues.**

In its motion for summary adjudication, Neman demonstrated that no genuine dispute exists as to its ownership of all rights in the Subject Design, its valid registration of the work, and Ranphee's unlawful access to and copying of the Subject Design in connection with its production and sale of the infringing products it sold on Amazon ("Infringing Garments"). In response, Ranphee expressly concedes liability for copyright infringement. Memorandum of Law by Ranphee Store in Partial Opposition to the Plaintiff's Motion for Patial Summary Judgement ("Partial Opposition to Plaintiff's MSJ") at 1, ECF No. 142. Accordingly, the elements of ownership, validity, and infringement are conclusively established, and Neman is entitled to summary adjudication on these issues. *See* FRCP 56(e)(2)-(3) ("If a party … fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: … (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it"). *See also De v. City of Chicago*, 912 F. Supp. 2d 709, 733 (N.D. Ill. 2012) (stating that when the non-moving party fails to inform the trial judge

of legal or factual reasons why summary judgment should not be entered, the non-moving party will lose the motion).

Ranphee likewise does not dispute that it earned $446,638.03 in gross revenues from sales of the Infringing Garments. Because Neman seeks only to establish this total revenue figure (not net profits, which remain disputed and are properly reserved for the jury),[1] there is no triable issue of fact on this issue. Although Neman contests the deductions Ranphee attempts to assert against this figure as presented in the opposition, the propriety of those deductions is not before the Court on the present motion. Ranphee's undisputed gross revenue figure should therefore be summarily adjudicated as $446,638.03.

Accordingly, the Court should grant summary adjudication in Neman's favor, confirming its ownership of valid rights in the Subject Design, Ranphee's liability for infringement, and that Ranphee's infringing sales generated $446,638.03 in gross revenues.

### b. Ranphee Fails to Create a Triable Issue Concerning Willfulness.

Despite Ranphee's misreading of its principal's testimony in its Opposition, there is no triable issue of fact concerning willfulness here. Rather, Ranphee concedes that it was a willful infringer, and, at minimum, acted with reckless disregard with respect to Plaintiff's copyright as a matter of law.

There is no requirement that Ranphee needed to have actual notice of copyrights in the Subject Design to be held as a willful infringer. Indeed, Courts in this District have established that willful blindness is enough, particularly when the Defendant (1) a subjectively believes that

---

[1] To establish an infringer's disgorgeable profits under the Copyright Act, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work. 17 U.S.C. § 504(b). Here, Neman seeks summary adjudication of gross revenues, not establishing that Ranphee may not seek further deductions at trial.

there is a high probability that a work may be copyrighted and (2) deliberately acts to avoid learning of that fact. *See Zhao v. BABIQIU*, 2025 WL 36213, at *10 (N.D. Ill. Jan. 6, 2025), citing *MFB Fertility, Inc. v. Action Care Mobile Veterinary Clinic, LLC*, 730 F. Supp. 3d 740, 751-52 (N.D. Ill. 2024). In its Opposition, Ranphee asserts that it fails to meet this "willful blindness" standard (Opp., 4), but its principal's own admissions are fatal to this assertion.

*Zhao* directly refutes Ranphee's contentions and demonstrate that Ranphee has failed to create a triable issue as to willfulness. Ranphee's actions, or lack thereof, are directly analogous to those of the defendant in *Zhao*, who also failed to prove a triable issue regarding willfulness because it "fail[ed] to perform any due diligence" to determine whether the work at issue was protected by copyright. 2025 WL 36213, at *10. The court held that these facts alone establish that "[n]o reasonable jury could find that [defendant] was not at least acting in reckless disregard of Zhao's copyright rights by failing to engage in any intellectual property rights search." *Id.*

Ranphee's willful infringement is not only analogous to the defendant in *Zhao* but arguably even more egregious. Ranphee undisputedly had no established method to search for potential infringement prior to its misappropriation of the Subject Design. SUF ¶16, Ex. 4. Worse, it also sourced and sold the Infringing Garments without any written assurance that anyone had the legal right to use the artwork featured on the Infringing Garments, despite admittedly knowing at the time that floral textile designs were protected by copyright. SUF ¶23, Ex. 4. Such conduct alone merits granting summary judgment in favor of Neman. *See Zhao*, 2025 WL 36213, at *10.

Further, the two willful blindness elements can also be established by "ostrich-like" business practices where a defendant consciously avoids information or fails to inquire as to copyright protection. *MFB Fertility*, 730 F. Supp. 3d at 752 (citations omitted). It is uncontroverted that Ranphee *did* have a subjective belief that it could be potentially infringing another's copyright.

4

SUF ¶23, Ex. 4. Ranphee explicitly acknowledges this in its Opposition when it cites the Cai Deposition, stating:

> Q  Okay. I'm not speaking about what the assessment of this particular flower and the risk to infringement is. That's not my question. At the time of procurement of the subject product, was it your understanding that floral patterns on fabrics were entitled to copyright protection?
>
> A  Whether they are entitled to copyright protection? I would think so.
>
> Q  Okay. So meaning *at the time that you procured the subject product, you did believe that floral patterns on fabrics were entitled to copyright protection, correct?*
>
> <u>A</u>  *Floral patterns are protected by copyright protection? Yes.*
>
> Q  Okay. So then at the time you procured the subject product from the factory with that understanding, why didn't you require the factory to provide you with some sort of proof that it either owned or had the right to use the accused design?
>
> A  Because prior to that, I have never encountered any flower pattern infringing any copyright situation. And also in China, there is not institution or an agency or website that people could look up to see what patterns have copyrights. Therefore, we kind of missed that step.

*Id.*; Cai Deposition at 95:5-96:4 (emphasis added).

Despite its knowledge that it could be infringing the intellectual property rights of another, Ranphee avoided learning that its conduct was infringing by failing to conduct an intellectual property rights search, failing to establish methods to conduct said search, and failing to obtain any written representation that Ranphee's supplier had the right to use or copy the Subject Design. SUF ¶16, Ex. 4. Further, it is of no import that Ranphee is a Chinese entity without access to a

Chinese website or other resource to "look up to see what patterns have copyrights[.]" The defendant in *Zhou* was also a Chinese entity, which was no defense for its failure to conduct a copyright search before it availed itself to American laws by selling to American customers. *See Zhao*, 2025 WL 36213, at *10; *see also* Complaint at 4-5, *XiaoQian Zhao v. BABIQIU, et al.*, No. 1:23-cv-04507 (N.D. Ill. 2023) Such failures, taken together, demonstrate "ostrich-like" business practices, and establish willful blindness beyond dispute. *See MFB Fertility, Inc.*, 730 F. Supp. 3d at 752. Accordingly, based on its own admissions, there is no question of fact as to Ranphee's willful infringement and this Court should find willfulness as a matter of law.

### III. CONCLUSION

For the foregoing reasons, Neman respectfully requests that the Court grant its motion for summary adjudication in full. The undisputed, if not flatly admitted, facts establish Ranphee's liability for copyright infringement, Neman's ownership of valid rights in the Subject Design, the total gross revenues derived from the infringing sales, and that Ranphee acted with at least reckless disregard for Neman's rights. Summary adjudication on each of these issues is therefore proper.

DATED: July 22, 2025                  Respectfully submitted,

By:    */s/ Trevor W. Barrett*
Trevor W. Barrett, Esq.
DONIGER / BURROUGHS
603 Rose Avenue
Venice, CA 90291
tbarrett@donigerlawfirm.com
*Attorney for Plaintiff*